# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MARIO HARRIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 96-B-653     Seth Norman, Judge**

---

**No. M2004-01782-CCA-R3-PC - Filed November 9, 2004**

---

The Defendant, Mario Harris, appeals from the order of the trial court dismissing his petition for post-conviction relief as time-barred. The State has filed a motion requesting that this Court affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. We grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Mario Harris, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The record reflects that on October 31, 1996, the Defendant pleaded guilty to and was convicted of one count of aggravated robbery and one count of second degree murder. For these crimes, he was sentenced to consecutive terms of ten years and twenty years. No appeal was taken from these convictions or sentences.

On May 24, 2004, the Defendant filed a petition for post-conviction relief. In this petition, he alleged that, in the guilty plea proceedings, he had been denied the effective assistance of counsel as a result of which his guilty plea was not voluntarily and knowingly entered. On June 10, 2004, the trial court entered an order summarily dismissing the petition for post conviction relief, finding it to be barred by the statute of limitations. It is from this order that the Defendant appeals.

A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. See Tenn. Code Ann. § 40-30-102(a). The statute specifically states that time is of the essence of the right to file a petition for post-conviction relief. See id. The judgment of conviction in this matter was entered on October 31, 1996. No appeal was taken. The petitioner thus had until approximately December 1, 1997 within which to seek post-conviction relief. His petition was not filed until May 24, 2004, several years after the statute of limitations had run.

An examination of the petition reveals no facts or grounds under which due process would require that the statute of limitations not be strictly applied as to the petitioner nor any reasons supporting any other exception to the application of the statute of limitations.

We conclude that the trial court did not err in summarily dismissing the petition of post-conviction relief as time-barred. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE